IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

03 AUG 20 PM 1:10

DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| DARRELL GRAYSON, | } | |
| Plaintiff, | } | |
| v. | } | CV-02-BE-2800-S |
| BILL PRYOR, et al., | } | |
| Defendants. | } | |

ENTERED
AUG 2 0 2003

**MEMORANDUM OPINION**

This case is before the court on "Plaintiff's Objection to Magistrate's Denial of Plaintiff's *Post-Hoc* Motion to Enlarge Time to File Objections to Magistrate Judge's Report and Recommendation" (Doc. 19) filed on August 19, 2003. That motion seeks review of the denial by Magistrate Judge Davis of "Plaintiff's *Post-Hoc* Motion to Enlarge Time to File Objections to Magistrate Judge's Report and Recommendation" (Doc. 16), which was filed <u>after</u> the court adopted the Report and Recommendation (Doc. 15) on July 23, 2003.

A review of the chronology of this case helps place this motion in proper context. On June 16, 2003, Judge Davis filed his Report and Recommendation giving the parties notice they had 15 days in which to file objections. (Doc. 14) On July 23, 2003 – 37 days later – having received no objections, this court entered an Order adopting the Report and Recommendation, and dismissing this case. (Doc. 15) On July 31, 2003 – 8 days after the case had been dismissed – plaintiff filed his "*Post Hoc* Motion to Enlarge Time to File Objections." (Doc. 16) On August 6, 2003, Judge Davis denied the *post-hoc* motion. (Doc. 17)

1



Plaintiff's counsel makes much about the *post-hoc* motion being incorrectly routed to Judge Davis, referencing a courtesy copy of the motion that had been correctly sent to the "Hon. Karen Bowdrie (sic) to whom the requested relief was directed." (**Doc. 19**). However, in the affidavit of Vanessa Potkin attached to the *post-hoc* motion, Ms. Potkin repeatedly refers to conversations between an unidentified "Innocence Project legal intern" and Judge Davis' office regarding an extension of time for filing objections. While Ms. Potkin did not have personal knowledge of such conversations, the fact that "per [her] request," the intern contacted Judge Davis' office – *not* Judge Bowdre's office[1] – belies Ms. Potkin's protestations that Judge Davis was not the judicial officer intended to hear and decide the *post-hoc* request for an extension of time to file objections.

Further, in Ms. Potkin's affidavit, she states that she is the "sole attorney" handling this matter. However, the docket sheet in this case lists three attorneys in addition to Ms. Potkin who are responsible for this case: Peter J. Neufeld, Barry C. Scheck, and local counsel Stephen A. Strickland. Nowhere in Ms. Potkin's affidavit does she explain why none of these other three attorneys – who were sent a copy of the Report and Recommendation, and who remain accountable and responsible for handling this case – could not file a motion for extension of time to file objections.

The court also notes that, according to her affidavit, Ms. Potkin could not have begun work on the objections to the Report and Recommendation because of other business until June 27, 2003 – four days before the objections were due. However, Ms. Potkin left New York on

---

[1] Had anyone on behalf of the plaintiff contacted Judge Bowdre's chambers, she would have learned that this court requires requests for extension of time to be in writing to avoid problems concerning timeliness of filings.

June 28, 2003 to go to Dallas on another case and was to travel from there on to Indianapolis. She does not state when she was to return from this trip or when she had planned to prepare and file the objections that were due July 1, 2003. The court expresses concern and compassion for the family medical emergency that required Ms. Potkin to go from Dallas to Los Angeles instead of continuing on to Indianapolis. However, the court expresses true reservations about Ms. Potkin's – or any attorney's – ability to prepare and file objections in 2 days or less. Had she taken proper steps to file a motion for extension of time prior to leaving for Dallas on other work on June 28, and prior to the family medical emergency, she would have avoided the problem we now must face.

The court also notes that even under Ms. Potkin's version of the undisclosed intern's conversations with Judge Davis' office, the *post-hoc* motion was untimely. On June 30, 2003, she directed the intern to request a thirty day extension. The *post-hoc* motion was filed 31 days later, on July 31, 2003.

Plaintiff urges the court to apply the factors announced by the United States Supreme Court in *Pioneer Investment Services Co. v. Brunswick Assoc. Limited Partnership*, 507 U.S. 380, 395 (1993), to determine whether the Magistrate Judge's denial of the *post-hoc* motion should be set aside. Plaintiff, however, fails to consider several of those factors.[2]

Specifically, plaintiff fails to address the impact of the delay on the judicial proceedings. *See Pioneer*, 507 U.S. at 395. As noted, plaintiff's *post-hoc* motion seeking additional time to

---

[2] The court is not blind to the fact that "Plaintiff's Objections to Magistrate's Denial of Plaintiff's *Post-Hoc* Motion to Enlarge Time to File Objections to Magistrate Judge's Report and Recommendation" (Doc. 19) and "Plaintiff's *Post-Hoc* Motion To Enlarge Time to File Objections to Magistrate Judge's Report and Recommendation" (Doc. 16) are substantially the same document.

3

object to the Report and Recommendation was not filed until <u>after</u> the deadline for filing objections and <u>after</u> this court had already adopted the Report and Recommendation. A final judgment had already been entered dismissing this case before plaintiff sought acceptance of objections filed 37 days from the date of the magistrate's report (*not,* as this court would expect, Relief from Judgment under FRCP 60(b)).

The plaintiff also neglects to address whether the reason for the delay was within the reasonable control of plaintiff's counsel. *See Pioneer*, 507 U.S. at 395. As previously noted by the court, before leaving Dallas on June 30, 2003, to attend to the family medical emergency, plaintiff's counsel requested an intern to contact Judge Davis' office concerning an extension. That request was made one day before the objections were due. The court can only conclude that the objections' tardiness was borne not from counsel's unfortunate and unforeseen family medical emergency, but from counsel's own failure to adequately manage her caseload. Counsel does not explain why she personally could not have requested an extension on June 27, 2003 – four days before the objections were due and the day before she left New York on other business. Nor has counsel explained why none of the other three attorneys, who have entered appearances in this case thereby representing to the court that they, too, are responsible for handling this case, could not have filed a timely request for extension. Thus, the court is not convinced that the reasons for the delay were outside the control of plaintiff's counsel. Further, Eleventh Circuit precedent recognizes that counsel's "busy practice does not establish 'excusable neglect' under Rule 6(b)(2)." *McLaughlin v. City of LaGrange*, 662 F.2d 1385, 1387 (11th Cir. 1981).

While not a *Pioneer* factor, Plaintiff's counsel does manage to address one very important consideration in support of the *post-hoc* motion: at this juncture, the potential prejudice to the

plaintiff substantially outweighs any possible prejudice to the defendants (Doc. 19 at p. 9). Plaintiff argues that denial of the "motion"[3] "would have the effect of precluding Grayson access to biological evidence for DNA testing that is capable of proving his factual innocence before his death sentence is imposed." (Doc. 19 at 9).

While the court reserves judgment on whether the magistrate's recommendation of dismissal of this suit should be rejected, the court does believe that plaintiff should be granted an extension in which to file his objections to this report. The court does not sanction counsel's delay in seeking an extension, and realizes that granting this extension now operates as a *post-post-post-hoc* extension[4]; however, the court finds that the prejudice to the defendants and the inconvenience to the court are slight in comparison to what may well be to the plaintiff a life or death matter.

To effectuate the relief requested by plaintiff, the court must invoke Rule 60(b) to set aside its Order entered July 23, 2003 (Doc. 15) dismissing this case, and sustain the plaintiff's objection to Judge Davis' denial of the *post-hoc* motion (Doc. 17). Because the defendants should have an opportunity to respond to plaintiff's objections to the Report and Recommendation, the court has not considered the merits of those objections.

A separate order effectuating these decisions will be entered separately.

---

[3] See footnote 2.

[4] After the expiration of the time to object, after the Report and Recommendation was adopted, and after the magistrate denied the *post-hoc* motion.

5

DONE and ORDERED this 20th day of August, 2003.

*Karon O. Bowdre*
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE

6