# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DARRELL GRAYSON,** | } |
| **Plaintiff,** | } |
| v. | } CV-02-BE-2800-S |
| **BILL PRYOR, et al.,** | } |
| **Defendants.** | } |

### MEMORANDUM OPINION

This matter is before the court on the motion by the Defendants requesting ruling on the Motion to Dismiss (Doc. 27, 7). The motion for a ruling is GRANTED. For the reasons stated below and in the Report and Recommendation (Doc. 14), the motion to dismiss is GRANTED and this matter is DISMISSED for failure to state a claim for which relief can be granted.

The procedural posture of the motion to dismiss is tortured. On December 10, 2002, the Defendants filed a motion to dismiss (Doc. 7), which was referred to the magistrate judge for a report and recommendation upon briefing by both sides. On June 16, 2003, Magistrate Judge Davis issued his Report and Recommendation (Doc. 14), to which no timely objections were filed. Consequently, on July 23, 2003, after reviewing the submissions of the parties, the court entered an order adopting the Report and Recommendation and dismissing the case for failure to state a claim upon which relief can be granted. (Doc. 15).

Thereafter, the Plaintiff filed a post-hoc motion to enlarge time for filing objections,

1

(Doc. 16), which the magistrate judge denied (Doc. 17).  Plaintiff filed an objection to the denial of the motion to enlarge time (Doc. 19).  On August 20, 2003, this court granted in part the Plaintiff's motion for additional time, and vacated its order dismissing the case (Doc. 21).  In that order, the court gave the Defendants fifteen days in which to respond to the Plaintiff's objections, and later extend that time (Doc. 22, 23).  The Defendants filed their response on October 3, 2003 (Doc. 24).  Without leave of court, the Plaintiff filed a response to the Defendants' response on October 17, 2003 (doc. 25) and submitted an affidavit from Dr. Edward Blake on October 21, 2003 (doc. 26).  The case then languished in the clerk's office with no attention paid to it until the Defendants filed a motion on January 25, 2005 for a ruling on their motion to dismiss (Doc. 27), to which the Plaintiff filed a reply (Doc. 28).  Because the court was embroiled in a six month trial, no action was taken on the motion until it was recently brought to the court's attention.

     The court has now reviewed the submissions filed by the parties originally and in response to the Magistrate's Report and Recommendation, and the Report itself.  The court agrees with the Report and Recommendation that under the facts before the court as stated in the complaint, the complaint fails to state a claim upon which relief can be granted.  Therefore, the court adopts the Report and Recommendation and grants the motion to dismiss.

     The court specifically finds that the Plaintiff, given repeated opportunities to do so, has not cited any legal authority that he has a constitutional right to DNA evidence when that evidence would not prove his innocence.  Instead of citing legal authority, the Plaintiff relies on anecdotal reports of convictions overturned based on DNA evidence.  Without legal precedent, the court will not expand or create "rights."  Plaintiff's argument that the DNA testing would

exonerate him is flawed because at best it could only prove that he did not rape the victim – not that he did not kill her as charged. The Plaintiff in his trial testimony admitted that he raped the victim, and other physical evidence established his guilt for murder during a robbery. The court agrees with Magistrate Davis that "the appropriate circumstances are not presented here" to recognize a § 1983 claim for access to biological evidence.

Therefore, the court will enter a separate order adopting the Report and Recommendation, granting the motion to dismiss and dismissing the Plaintiff's complaint.

DONE and ORDERED this 15th day of September 2005.

/s/ Karon O. Bowdre
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE